

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| CLEAN CONTROL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 1:13-cv-00031-MR |
| ) | JUDGE REIDINGER |
| TERRY D. SIMPSON ) | |
| d/b/a TS PRODUCTS ONLINE, ) | |
| ) | |
| Defendant. ) | |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

Plaintiff Clean Control Corporation filed this action on February 4, 2013 against Defendant Terry Simpson d/b/a TS Products Online to obtain a permanent injunction and damages arising from Defendant's trademark infringement, cybersquatting and related claims. (Dkt. 1). After multiple extensions and the Defendant's failure to answer, on June 13, 2013, the Clerk entered a default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Dkt. 21).

Injunctive relief, monetary damages and attorneys' fees are available to successful plaintiffs under the Lanham Act and the Anti-Cybersquatting Protection Act. See 15 U.S.C. § 1114, 1116, 1117 and 1125. Rather than seeking monetary damages and attorneys' fees through a default judgment under Rule 55(b) of the Federal Rules of Civil Procedure, however, counsel for Plaintiff engaged in settlement negotiations with Defendant, who agreed to present this Consent Judgment & Permanent Injunction to the Court for entry.

It appears to the Court, as evidenced by the signatures of Defendant and counsel for Plaintiff below, that this matter has been resolved as reflected herein, and that the Parties have

{00939903.3 }

agreed to entry of this Consent Judgment and Permanent Injunction against Defendant. The Court, having considered the entire record, and pursuant to agreement of the Parties as well as for good cause shown, enters the following Consent Judgment and Permanent Injunction.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED WITH THE CONSENT OF THE PARTIES:**

1. This Court has jurisdiction over this action under the laws of the United States, 15 U.S.C. § 1051 *et seq.*, and 28 U.S.C. §§ 1331 and 1338, and over the Parties to this suit. The claims arising under state law are joined with substantial and related claims under the trademark statutes of the United States.

2. The Complaint avers, and the Court finds, that Plaintiff is the owner of a valid and enforceable trademark that is registered on Principal Register of the United States Patent and Trademark Office ("USPTO"), namely the mark LETHAL® (Registration No. 3956561). From at least as early as December 14, 2009 to the present, Plaintiff has used and continues to use the LETHAL® mark nationwide in connection with hunting, fishing and outdoor related scent elimination products, bug sprays, attractants and cleaners.

3. The Complaint avers, and the Court finds, that Defendant has used the confusingly similar mark LETHAL HUNT in violation of federal and state law in connection with hunting, fishing, camping and outdoor related products online. Two months after the USPTO issued Reg. No. 3956561 to Plaintiff, and more than 18 months after Plaintiff's first use of the mark LETHAL®, Defendant submitted application Ser. No. 85365353 to the USPTO to register the mark LETHAL HUNT on July 7, 2011. The Complaint avers, and the Court finds, that Defendant has used the LETHAL HUNT mark in connection with hunting, fishing, outdoor related products, scent elimination products, bug spray, attractants, and cleaners; and that such

use did not occur until April 2011, well after Plaintiff's first use of the LETHAL® mark in connection with similar goods.

4. The Complaint avers, and the Court finds, that Plaintiff's use of the LETHAL® mark appears as follows:



5. The Complaint avers, and the Court finds, that Defendant's use of the LETHAL HUNT mark appears as follows:



6. The Complaint avers, and the Court finds, that Defendant registered the domain www.LethalHunt.com (the "Domain") on or about July 19, 2010 with a domain registrar, and that he offered goods for sale under the LETHAL HUNT mark through the Domain.

7. The Parties agree, and the Court concludes, that the terms of the permanent injunction set forth below are valid, reasonable, and enforceable; that Plaintiff has and will continue to suffer irreparable harm from Defendant's use of the LETHAL HUNT mark and the Domain, which harm is not subject to being satisfied by any monetary claim; and that the permanent injunction stipulated and agreed to by the Defendant is not in violation of public policy.

8. Defendant, his agents, servants, attorneys and employees, and all other persons or entities associated with or acting in concert or participation with Defendant, are hereby immediately and permanently enjoined from using in any manner any trademark, trade name, service mark, logo or trade-name component of the LETHAL® mark, including but not limited to LETHAL HUNT, in any manner likely to cause confusion with Plaintiff's use of LETHAL®;

9. Defendant shall within 14 calendar days after entry of this Order:

    (a) Take any and all steps to immediately assign its trademark application to register LETHAL HUNT with the USPTO (application Ser. No. 85365353) to Plaintiff by executing the attached **Exhibit A**; and

    (b) Take any and all steps to immediately transfer its Domain to Plaintiff and cooperate with Plaintiff in so doing.

10. Jurisdiction is retained by this Court for the purpose of ensuring compliance with the terms of this Consent Judgment, and for enabling the Parties to apply to this Court for further orders.

11. The Complaint avers, and the Court concludes, that Plaintiff would be entitled to recover its attorneys' fees, costs and disbursements incurred in this action, as provided for under applicable law including, but not limited to, the Lanham Act and the Anti-Cybersquatting Protection Act. The Court further recognizes that the parties, in resolving this action and entering into this Consent Judgment and Permanent Injunction, have agreed that these attorneys' fees, costs and disbursements shall not be imposed at this time. However, in the event that Plaintiff subsequently applies to this Court for the enforcement of this Consent Judgment and Permanent Injunction, and the Court finds that Defendant is in violation of it, then the Court

may also award Plaintiff its fees and/or costs incurred prior to the entry of this Consent Judgment.

12. Each party shall bear its own costs and fees.

ENTERED this 29 day of July, 2013.

*signature* 8/13/2013

HON. MARTIN A. REIDINGER
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND SUBMITTED FOR ENTRY:**

*signature*

Joseph P. McGuire
MCGUIRE, WOOD & BISSETTE, P.A.
48 Patton Avenue
Asheville, North Carolina 28802-3180
(828) 254-8800
jmcguire@mwbavl.com

Stephen J. Zralek, admitted *pro hac vice*
BONE MCALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, Tennessee 37219
(615) 238-6305
szralek@bonelaw.com

*Attorneys for Plaintiff,*
*Clean Control Corporation*

*signature*

TERRY SIMPSON
300 Horned Owl Lane
Marshall, NC 28753
*Pro se Defendant*

# EXHIBIT A

## TRADEMARK ASSIGNMENT

TRADEMARK ASSIGNMENT made as of July 26, 2013 by and between Terry D. Simpson, doing business as TS Products Online, with an office at 300 Horned Owl Lane, Marshall, NC 28753 (the "Assignor") and Clean Control Corporation, a Georgia corporation, with an address at 1040 Booth Road, Warner Robins, GA 31088 (the "Assignee").

Assignor owns all right, title and interest to a certain trademark(s), the applications and/or registrations for which are set forth in the attached SCHEDULE A (collectively, the "Trademark(s)"). Assignor wishes to assign all right, title and interest to the Trademark(s) to Assignee.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Assignor does hereby assign to Assignee, its successors, assigns and legal representatives, the entire, full and exclusive right, title and interest in and to the Trademark(s), together with the good will of the business symbolized by the Trademark(s) and any applications and/or registrations therefor, and the right (but not the obligation) to assert the Trademark(s) and to collect for all past, present and future infringements, and claims for damages and the proceeds thereof, including, without limitation, license royalties and proceeds of infringement suits and all rights corresponding thereto throughout the world by reason of any past and future acts of infringement that have occurred or may occur.

If any of the Trademark(s) are the subject of an application based on Assignor's bona fide intent to use the Trademark(s) in commerce, Assignor hereby represents that Assignee is the successor to the portion of Assignor's ongoing and existing business to which the application and the Trademark(s) pertain.

_____
TERRY D. SIMPSON

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 26, 2013.

{00939903.3 }

# SCHEDULE A

## Mark(s)

LETHAL HUNT                                    Application Ser. No. 85365353